UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 16-01095 JVS (DFMx)     Date September 16, 2016

Title    Mark Tucker, Inc. v. Cathy Jean, Inc., et al.

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS)**    **Order GRANTING IN PART and DENYING IN PART Defendants' Motions to Dismiss**

       Defendants Cathy Jean, Inc. ("CJI") and Carl Jones ("Jones") filed a Motion to Dismiss First Amended Complaint ("FAC") of Mark Tucker, Inc. ("MTI"). (CJI & Jones Mot., Docket No. 21.) Defendant Cathy Jean Grice ("Grice") filed a Motion to Dismiss MTI's FAC. (Grice Mot., Docket No. 23.) CJI and Jones filed a Motion for Joinder in Notice of Motion and Motion to Dismiss MTI's FAC. (Mot. Joinder, Docket No. 25.) MTI filed an Omnibus Opposition to Jean, Jones, and CJI's motions. (Opp'n, Docket No. 27.) MTI also filed a Request for Judicial Notice. (Pl.'s Req. Judicial Ntc., Docket No. 28.) Grice filed Objections to MTI's Request for Judicial Notice and a Reply. (Grice Obj. to Pl.'s Req. Judicial Ntc., Docket No. 31; Grice Reply, Docket No. 32.) CJI and Jones filed a Reply and Objections to MTI's Request for Judicial Notice. (CJI & Jones Reply, Docket No. 29; CJI & Jones Obj. to Pl.'s Req. Judicial Ntc., Docket No. 30.)

       For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** CJI and Jones' Motion to Dismiss. In addition, the Court **GRANTS IN PART** and **DENIES IN PART** Grice's Motion to Dismiss. However, the Court **GRANTS** MTI twenty days to amend its fraudulent transfer claim.

**I.**    **BACKGROUND**

       **A.**    **Factual Background**

       MTI is a wholesale footwear company, and CJI is a shoe retailer. (FAC, Docket No. 17 ¶ 14.) These companies had a long-standing business relationship where CJI would notify MTI of the type, design, and quantity of shoes it wanted to purchase. (Id. at ¶ 15.) MTI then served as an intermediary between CJI and overseas entities that would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01095 JVS (DFMx) | Date | September 16, 2016 |
| Title | Mark Tucker, Inc. v. Cathy Jean, Inc., et al. | | |

fill orders, manufacture and deliver the product, and invoice CJI for payment. (Id.)

Between December 2014 and August 2015, CJI placed a series of purchase orders with MTI. (Id. at ¶ 18.) For the goods at issue, MTI worked with Honour Services ("Honour), a Taiwanese company that requested various Chinese Factories ("Factories") to manufacture shoes for CJI. (Id. at ¶ 19.) CJI had an understanding with MTI that the purchase orders would be assigned to Honour and Factories and that Honour would send CJI invoices. (Id.)

However, CJI began to miss payments in January 2015. (Id. at ¶25.) By October 2015, CJI ceased making any payments. (Id.) But CJI never indicated to MTI that CJI was having any financial issues that would prevent it from paying for the goods. (Id.) MTI asserts that Jones, CJI's owner and sole shareholder, and Grice, Jones' daughter and CJI's Chief Operating Officer, led MTI to believe that CJI's payments were forthcoming long enough for Honour to fill and ship all of CJI's thirty-three orders, which are worth $1,020,466.50. (Id. at ¶ 27–28.)

After Honour delivered all of the goods to CJI, Jones and Grice informed MTI that CJI was in dire financial straights and had been experiencing cash flow problems for some time. (Id. at ¶ 27.) MTI also learned that CJI's bank cancelled CJI's line of credit in August 2015 and that CJI did not have any investors because of CJI's poor financial condition. (Id.)

In June 2016, MTI brought the present action in this Court against Grice, CJI, and Jones. (Compl., Docket No. 1.) In July 2015, MTI filed the FAC that Grice, Jones, and CJI seek to dismiss. (FAC, Docket No. 17.) In the FAC, MTI asserts that Honour and the Factories assigned all of their respective rights, claims, and causes of action against Grice, Jones, and CJI to MTI; therefore, MTI is pursuing contract claims as a third-party beneficiary and as a successor in interest. (Id. at ¶ 26.) MTI is also asserting fraud claims because Jones and Grice concealed CJI's financial condition from MTI and made MTI believe that CJI's payments were forthcoming. (Id. at ¶ 63–65.)

### B.    Judicial Notice of Documents

MTI requests that this Court takes judicial notice of three public records. (Pl.'s Req. Judicial Ntc., Docket No. 28.) These public records are regarding a suit between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-01095 JVS (DFMx)            Date   September 16, 2016

Title   Mark Tucker, Inc. v. Cathy Jean, Inc., et al.

Asean Corporation ("Asean") and CJI in August 2015, and MTI alleges that these records prove that CJI was unable to pay MTI.  (Reply, Docket No. 27.)

    Generally, a court may not consider material beyond the pleadings when ruling on a motion to dismiss.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  However, there are three exceptions.  Id.  First, a court may take judicial notice of public records if the facts are not subject to a reasonable dispute.  Id. at 688–89; Fed. R. Evid. 201(b).  However, disputed facts within those public records are not subject to judicial notice.  See Lee, 250 F.3d at 689.  Second, a court may take judicial notice of documents attached to, or part of, a complaint.  Id. at 688.  Third, if the documents are not physically attached to a complaint, then they may be considered if (1) the documents' authenticity is not contested and (2) the complaint relies on the documents.  Id.; United States v. Corinthian Coll., 655 F.3d 984, 998–99 (9th Cir. 2011).

    Although the Court does not take judicial notice of the facts within the public records, the Court does take judicial notice that the following public records exist:

(1)     Order to Allow Defendant Cathy Jean, Inc. to Substitute an Undertaking for Property Subject to Attachment and Authorizing the Deposit with the Court of Cath in Lieu of Bond in the matter of Cathy Jean, Inc. v. Adesso-Madden, Case No. 8:15-cv-00228-AG (RNBx) (consolidated with Asean Corporation, Ltd. Cathy Jean, Inc., USDC Case No. 8:15-00275-AG (RNBx)).

(2)     Complaint filed in the matter of Asean Corporation, Ltd. v. Cathy Jean, Inc., USDC Case No. 8:15-00275-AG (RNBx) (consolidated with Cathy Jean, Inc. v. Adesso-Madden, et al., Case No. 8:15-cv-00228-AG (RNBx)).

(3)     Right to Attach Order and Order for Issuance of Writ of Attachment After Hearing in the matter of Cathy Jean, Inc. V. Adesso-Madden, et al., Case No. 8:15-cv-00228-AG (RNBx) (consolidated with Asean Corporation, Ltd. Cathy Jean, Inc., USDC Case No. 8:15-00275-AG (RNBx)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01095 JVS (DFMx) | Date | September 16, 2016 |
| Title | Mark Tucker, Inc. v. Cathy Jean, Inc., et al. | | |

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleaded facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

In resolving a 12(b)(6) motion under Twombly, a court must follow a two-step approach. Id. at 679. First, a court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 677. Furthermore, a court must not "accept as true a legal conclusion couched as a factual allegation." Id. at 677–78 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 664. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### B. Federal Rule of Civil Procedure 9(b)

Under Federal Rule of Civil Procedure 9(b), a plaintiff needs to plead each of the elements of a fraud claim with particularity; a plaintiff "must set forth more than the neutral facts necessary to identify the transaction." Cooper v. Pickett, F.3d 616, 625 (9th Cir. 1997). In other words, fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01095 JVS (DFMx) | Date | September 16, 2016 |
| Title | Mark Tucker, Inc. v. Cathy Jean, Inc., et al. | | |

Additionally, under Rule 9(b), a plaintiff cannot merely "lump" multiple defendants together. Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). A plaintiff needs to differentiate his allegations when suing more than one defendant. Id. Accordingly, at a minimum, a plaintiff needs to identify the role of each defendant in the alleged fraudulent scheme. Id.

### III. DISCUSSION

#### A. Alter-Ego Theory

Grice and Jones each assert that MTI's First Claim of Relief for Breach of Contract, Second Claim of Relief for Goods and Services Rendered, Third Claim of Relief for Open Book Account, and Fourth Claim of Relief for Account Stated fail against Grice and Jones because MTI has not adequately alleged that Grice or Jones is liable under an alter-ego theory. (CJI & Jones Mot., Docket No. 21; Grice Mot., Docket No. 23.)

To prove alter ego, a plaintiff needs to demonstrate two essential elements: (1) unity of interest and (2) alter ego liability is necessary to avoid an inequitable result. Vasey v. Cal. Dance Co., 70 Cal. App. 3d 742, 749 (1977). However, something more than mere ownership and control by a single individual is necessary to maintain an alter-ego theory. See Associated Vendors, Inc. v. Oakland Meat Co., 210 Cal. App. 2d 825, 837–39 (1962).

Evidence of shareholders' disregard for a corporation's separate identity can occur in several instances: shareholders (1) fail to contribute capital, issue stock, or otherwise complete formation of the corporation; (2) use corporate assets as their own (e.g., withdraw corporate funds for personal use without treating such withdrawals as salaries or dividends); (3) commingle corporate funds with their personal funds; (4) fail to observe corporate formalities (e.g., fail to regularly elect directors, appoint officers, hold board meetings, keep minutes, or file corporate tax returns); or (5) inadequately capitalize the corporation. See e.g., Misik v. D'Arco, 197 Cal. App. 4th 1065, 1073–74 (2011); Zoran Corp. v. Chen, 185 Cal. App. 4th 799, 810–11 (2010); Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 538 (2000); Mid-Century Ins. Co. v. Gardner, 9 Cal. App. 4th 1205, 1212–13 (1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 16-01095 JVS (DFMx)                      Date   September 16, 2016

Title   Mark Tucker, Inc. v. Cathy Jean, Inc., et al.

      MTI has made several factual allegations that are not merely legal conclusions: (1) CJI's former employees, Grice, and Jones said CJI was a mom-and-pop shop controlled by Grice and Jones; (2) Jones is CJI's sole owner; (3) Grice, Jones' daughter, is CJI's Chief Operating Officer; (4) CJI was insolvent, or on the brink of insolvency, when it placed the orders with MTI and Honour; (5) CJI was undercapitalized when it placed the orders with MTI and Honour; (6) CJI sold its inventory, but it failed to pay MTI; (7) Jones and Grice caused CJI to continue placing orders knowing that the company would not be able to make payments; (8) a suit occurred between CJI and Asean around the time that CJI entered into the agreement with MTI; and (9) CJI's former counsel informed MTI that Grice and Jones provided personal guarantees on certain lease obligations, and CJI paid those obligations instead of paying MTI and Honour.  (Id. ¶¶ 9, 10, 11, 12, 27–29, 34–35.)  In addition, one factual allegation is particularly significant: Grice and Jones "have transferred money and assets of CJI to themselves for their own personal use and benefit and to avoid creditors . . . ."  (Id. ¶ 11.)  Therefore, MTI has provided enough facts to plausibly give rise to an entitlement to relief under an alter-ego theory.  At a minimum, the allegations of self-dealing and inequitable result (insolvency) are sufficient.

      The Court **DENIES** the Motion of Grice to Dismiss and the Motion of CJI and Jones to Dismiss MTI's First Claim of Relief for Breach of Contract, Second Claim of Relief for Goods and Services Rendered, Third Claim of Relief for Open Book Account, and Fourth Claim of Relief for Account Stated.

      **B.**      **Fraudulent Concealment**

      Grice, Jones, and CJI assert that MTI's Fifth Claim for Relief for Fraud/Concealment fails to plausibly state a claim upon which relief can be granted because MTI has not pleaded fraud with sufficient particularity.  (CJI & Jones Mot., Docket No. 21; Grice Mot., Docket No. 23.)  Grice also asserts that MTI's Fifth Claim for Relief for Fraud/Concealment does not contain any facts supporting the elements of fraudulent concealment.  (Grice Mot., Docket No. 23.)  Jones and CJI also assert that MTI's fraudulent concealment claim is barred by the economic loss rule.  (CJI & Jones Mot., Docket No. 21.)

      1.      Pleading Fraudulent Concealment with Sufficient Particularity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01095 JVS (DFMx) | Date | September 16, 2016 |
| Title | Mark Tucker, Inc. v. Cathy Jean, Inc., et al. | | |

As discussed above, Rule 9(b) requires plaintiffs to allege fraud with particularity. A plaintiff needs to allege the (1) time, (2) place, (3) specific content of the false representations, and (4) the identities of the parties that made the misrepresentations. Alan Neuman Prods, Inc. v. Albright, 862 F.2d 1388, 1392–93 (9th Cir. 1988).

However, for fraudulent concealment, a plaintiff does not need to specify the time, place, and specific content of an omission as precisely. Falk v. General Motors Corp., 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007). Because a plaintiff in a fraudulent concealment case is alleging a failure to act, the plaintiff cannot point out the specific moment when a defendant failed to act. Id. Therefore, a fraud by concealment claim can succeed without the same level of specificity required in a normal fraud claim. Id.

Here, MTI pleaded fraudulent concealment by stating that Jones and Grice each told MTI that they knew CJI was experiencing financial difficulties at the time CJI placed orders with MTI. (FAC, Docket No. 17 ¶ 29.) Because fraudulent concealment can succeed without the same level of specificity required by a normal fraud claim, MTI adequately pleaded fraudulent concealment.[1]

The Court **DENIES** the Motion of Grice to Dismiss and the Motion of CJI and Jones to Dismiss MTI's Fifth Claim for Relief for Fraud/Concealment.

2. Pleading Facts Supporting Elements of Fraudulent Concealment

To demonstrate fraudulent concealment, a plaintiff needs to show (1) concealment or suppression of a material fact, (2) by a defendant with a duty to disclose the fact to the plaintiff, (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact, (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact. Bank of America Corp. v. Superior Court, 198 Cal. App. 4th 862, 870 (2011).

---

[1] Grice, Jones, and CJI each assert that the fraudulent concealment claim fails to satisfy the specificity standard because MTI has "lumped" the individual defendants together. However, MTI has defined each defendant's role in the company and in the fraudulent concealment scheme. (FAC, Docket No. 17 ¶ 27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01095 JVS (DFMx) | Date | September 16, 2016 |
| Title | Mark Tucker, Inc. v. Cathy Jean, Inc., et al. | | |

A duty to disclose a fact occurs in four circumstances: when the defendant (1) is in a fiduciary relationship with the plaintiff; (2) had exclusive knowledge of material facts not known to the plaintiff; (3) actively concealed a material fact from the plaintiff; or (4) made partial representations and suppressed some material fact. LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997).

MTI pleaded several factual allegations that are not merely legal conclusions: (1) Jones and Grice each told MTI that they knew CJI was experiencing financial difficulties when they placed orders with MTI; (2) Jones and Grice never disclosed to MTI that CJI would be unable to pay for the orders; (3) in August 2015, CJI's bank cancelled the company's line of credit; (4) in August 2015, CJI had no investors; (5) CJI has sold all of the goods that MTI sent, but CJI has not paid MTI; and (6) MTI attempted on numerous occasions to contact CJI, but CJI did not return MTI's phone calls. (Id. at ¶¶ 27, 29, 30.) In particular, MTI pleaded that "CJI's dire financial position was a fact known only to the Defendants; neither MTI, Honour, nor the Factories were awar[e] of this fact." (Id. at ¶ 64.) Therefore, MTI has sufficiently pleaded facts supporting the elements of fraudulent concealment.

The Court **DENIES** the Motion of Grice to Dismiss MTI's Fifth Claim for Relief for Fraud/Concealment.

3. Economic Loss Rule

Under the economic loss rule, tort claims relating to the performance of a contract are only viable if the tort liability (1) is completely independent from the contract or (2) arises from conduct that is intentional and intended to harm. Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 989–90 (2004) (holding that the tort claim, providing false certificates, was independent from the contract claim, providing nonconforming goods). Further, a plaintiff cannot recover the same type of damages under both a contract claim and a tort claim. Lazar v. Superior Ct., 12 Cal. 4th 631, 649 (1996).

Here, MTI's fraudulent concealment claim is viable under the economic loss rule. MTI's contract claims are based on CJI's failure to pay for the shoes. (FAC, Docket No. 17 ¶¶ 41–58.) In contrast, MTI's fraudulent concealment claim is focused on the fact that the Defendants knew of CJI's dire financial position and did not disclose that fact to MTI or Honour. (Id. at ¶ 64.) In addition, MTI is requesting expectation damages in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 16-01095 JVS (DFMx)      Date September 16, 2016

Title    Mark Tucker, Inc. v. Cathy Jean, Inc., et al.

contract claims and punitive damages in its fraudulent concealment claim. Therefore, the tort claim and the contract claims are independent.

The Court **DENIES** the Motion of CJI and Jones to Dismiss MTI's Fifth Claim for Relief for Fraud/Concealment.

### C. Fraudulent Transfer

Grice, Jones, and CJI assert that MTI's Sixth Claim for Relief for Fraudulent Transfer of Assets fails to state a claim upon which relief can be granted because MTI has not pleaded fraud with sufficient particularity.[2] (CJI & Jones Mot., Docket No. 21; Grice Mot., Docket No. 23.)

Claims of fraudulent transfer are subject to the heightened pleading standard of Rule 9(b). Screen Capital Int'l Corp. v. Library Asset Acquisition Co., 510 B.R. 266, 274 (C.D. Cal. 2014). As discussed above, Rule 9(b) requires a plaintiff to allege fraud with particularity. Cooper, F.3d 625 (9th Cir. 1997). Additionally, Rule 9(b) does not allow a complaint to merely lump multiple defendants together. Swartz, 476 F.3d at 764.

Here, MTI pleaded that the "Individual Defendants" or "Defendants" engaged in a fraudulent transfer. (FAC, Docket No. 17 ¶¶ 70–76.) However, MTI's FAC fails to identify each Defendant's role in the fraudulent transfer. Because MTI has not pleaded each of the elements of fraud with particularity, each Defendant cannot adequately answer CJI's allegations. In conclusion, MTI has not met the requirements of Rule 9(b).

The Court **GRANTS** the Motion of Grice to Dismiss and the Motion of CJI and Jones to Dismiss MTI's Sixth Claim for Relief for Fraudulent Transfer of Assets because MTI has not pleaded fraudulent transfer with sufficient particularity.

### D. MTI's Standing for Breach of Contract Claim

CJI and Jones assert that MTI's First Claim of Relief for Breach of Contract,

---

[2] Jones and CJI also assert that MTI's fraudulent transfer claims is barred by the economic loss doctrine and that MTI is not entitled to punitive damage. However, the Court dismisses MTI's fraudulent transfer claim on other grounds, so it will not address Jones and CJI's additional arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01095 JVS (DFMx) | Date | September 16, 2016 |
| Title | Mark Tucker, Inc. v. Cathy Jean, Inc., et al. | | |

Second Claim of Relief for Goods and Services Rendered, Third Claim of Relief for Open Book Account, and Fourth Claim of Relief for Account Stated fail because MTI has not adequately pleaded standing as a third-party beneficiary. (CJI & Jones Mot., Docket No. 21.)

California Civil Code section 1559 states that a third party may enforce a contract that was made expressly for the benefit of that third party. A plaintiff seeking to enforce a contract as a third-party beneficiary must plead that a contract was clearly and expressly made for his benefit. Cal. Emergency Physicians Med. Grp. v. PacifiCare of Cal., 111 Cal. App. 4th 1127, 1138 (2003). Expressly means unmistakable terms, explicitly, definitely, or directly. Sofias v. Bank of America, 172 Cal. App. 3d 583, 587 (1985). Only one of the contracting parties needs an intent to benefit a third party. Id. However, a promisor must have understood that a promisee had an intent to benefit a third party. Schauer v. Mandarin Gems of Cal., Inc., 125 Cal. App. 4th 949, 957–58 (2005) (holding that a jeweler must have understood that a woman was a third-party beneficiary when a man bought her an engagement ring). Individuals who only incidentally or remotely benefit from a contract are not entitled to enforce it. Id.

MTI has pleaded several factual allegations. First, "Tucker" is listed as "Vendor" on the purchase orders. (FAC Ex. 1, Docket No. 17-1.) Second, Honour submitted invoices to CJI. (FAC Ex. 2, Docket No. 17-2.) In conclusion, MTI has provided enough facts to allow the Court to determine that MTI is plausibly entitled to relief under a contract.

The Court **DENIES** CJI and Jones' request to dismiss MTI's First Claim of Relief for Breach of Contract, Second Claim of Relief for Goods and Services Rendered, Third Claim of Relief for Open Book Account, and Fourth Claim of Relief.

### IV. CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** the Motion of Grice to Dismiss and the Motion of CJI and Jones to Dismiss MTI's First Claim of Relief for Breach of Contract, Second Claim of Relief for Goods and Services Rendered, Third Claim of Relief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01095 JVS (DFMx) | Date | September 16, 2016 |
| Title | Mark Tucker, Inc. v. Cathy Jean, Inc., et al. | | |

for Open Book Account, and Fourth Claim of Relief for Account Stated.

(2) **DENIES** the Motion of Grice to Dismiss and the Motion of CJI and Jones to Dismiss MTI's Fifth Claim for Relief for Fraud/Concealment.

(3) **DENIES** the Motion of Grice to Dismiss MTI's Fifth Claim for Relief for Fraud/Concealment.

(4) **GRANTS** the Motion of Grice to Dismiss and the Motion of CJI and Jones to Dismiss MTI's Sixth Claim for Relief for Fraudulent Transfer of Assets.

(5) **DENIES** Jones and CJI's request to dismiss MTI's First Claim of Relief for Breach of Contract, Second Claim of Relief for Goods and Services Rendered, Third Claim of Relief for Open Book Account, and Fourth Claim of Relief.

(6) **GRANTS** MTI twenty days to amend the fraudulent transfer claim.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |