1  BEVERLY JOHNSON (State Bar No. 167335)
   bjohnson@johnsonbertram.com
2  CHRISTY L. BERTRAM (State Bar No. 222296)
   cbertram@johnsonbertram.com
3  JOHNSON & BERTRAM LLP
   1 Park Plaza, Suite 600
4  Irvine, California 92614
   Telephone: (949) 852-4474
5  Facsimile: (949) 861-9140

6  Attorneys for Defendant
   CATHY GRICE
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 SOUTHERN DIVISION

| | |
|---|---|
| 11 MARK TUCKER, INC., | **CASE NO. 8:16-cv-01095-JVS-DFM** |
| 12 Plaintiff, | Hon. James V. Selna |
| 13 v. | **DEFENDANT CATHY GRICE'S NOTICE OF MOTION AND** |
| 14 CATHY JEAN, INC., a California | **MOTION TO DISMISS SECOND AMENDED COMPLAINT;** |
| 15 corporation, CARL JONES, AKA BUD JONES, an individual, CATHY JEAN | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 16 GRICE, an individual, and DOES 1-10, inclusive, | **THEREOF; DECLARATION OF BEVERLY JOHNSON** |
| 17 | **[Request for Judicial Notice filed** |
| 18 Defendants. | **concurrently herewith]** |
| 19 | **[Fed. R. Civ. Proc. 12(b)(6)]** |
| 20 | **Hearing Date: Dec. 5, 2016** |
| 21 | **Time:          1:30 p.m.** |
| 22 | **Location:       Courtroom 10C** |
| 23 | **Ronald Reagan Courthouse 411 W. Fourth Street Santa Ana, CA 92701** |
| 24 | |

25      TO THE HONORABLE JAMES V. SELNA, UNITED STATES DISTRICT

26  COURT JUDGE, AND TO ALL PARTIES AND THEIR RESPECTIVE

27  COUNSEL OF RECORD:

28          PLEASE TAKE NOTICE that on **Monday, December 5, 2016, at 1:30 p.m.**

1   or as soon thereafter as counsel may be heard, in Courtroom 10C of the above-

2   captioned Court, located at 411 West Fourth Street, Santa Ana, California 92701,

3   Defendant Cathy Grice (hereinafter, "Grice") will and hereby does move this Court

4   for an order dismissing the Second Amended Complaint of Plaintiff Mark Tucker,

5   Inc. ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(6) because

6   Plaintiff is a Franchise Tax Board forfeited California entity, and, as a result,

7   Plaintiff lacks the capacity to sue, and may not prosecute this action.  Although

8   Plaintiff's counsel stated on October 21, 2016 that he was unaware of the fact that

9   his client's status with the California Secretary of State was forfeited several years

10  ago by the Franchise Tax Board for failure to pay its taxes, and that his client would

11  revive its corporate status, the California Secretary of State has issued a Certificate

12  of Status verifying that Plaintiff's corporate status is forfeited and has been forfeited

13  since June 1, 2004.  As of November 4, 2016, the Secretary of State's website

14  continues to reflect that Plaintiff is in FTB forfeited status.  As a result, Plaintiff

15  cannot prosecute this action.  Accordingly, Plaintiff's Second Amended Complaint

16  and this action must be dismissed in its entirety.

17      This motion is made following the conferences of counsel pursuant to Central

18  District of California Local Rule 7-3, which took place on October 21, 2016 and

19  November 2, 2016.

20      This Motion is based upon this Notice; the accompanying Memorandum of

21  Points and Authorities; the accompanying Declaration of Beverly Johnson, the

22  Request for Judicial Notice filed concurrently herewith; all admissions, pleadings,

23  records, orders, and documents on file herein; such additional matters of which the

24  Court may properly take judicial notice; and upon such oral and documentary

25  evidence and argument as may be presented prior to or at the hearing on this motion.

26  Date:  November 4, 2016                    Respectfully Submitted,

27                                             JOHNSON & BERTRAM LLP
                                               By   */s/ Beverly A. Johnson*
28                                                  Beverly A. Johnson
                                                    Attorneys for Defendant Cathy Grice

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Mark Tucker, Inc. ("Plaintiff") is a Franchise Tax Board forfeited California entity due to its failure to comply with its obligations under the California Revenue and Taxation Code.  Plaintiff has been in FTB-forfeited status since June 1, 2004.  As a result, since that date, Plaintiff has had no capacity to sue in the State of California.  Plaintiff cannot prosecute this action, because Plaintiff remains in forfeited status.  This action should therefore be dismissed.

## II.   FACTS

Plaintiff filed its original complaint on June 13, 2016.  (Dkt 1.)  The First Amended Complaint, filed on July 22, 2016, was subjected to motions to dismiss by all defendants, which motions were denied in part and granted in part, with leave to amend.  Plaintiff filed its Second Amended Complaint (hereinafter "2AC") on October 6, 2016. (Dkt 40.)

On the evening October 20, 2016, counsel for Defendant Grice searched the California Secretary of State website for the current corporate status of Plaintiff Mark Tucker, Inc.  That search revealed a Secretary of State Business Entity Detail showing that the California Franchise Tax Board forfeited all of Plaintiff's corporate powers, rights, and privileges.  (Declaration of Beverly Johnson, ¶ 2, Ex. 1; *see also* Request for Judicial Notice, Ex. 1.)  Prior to October 20, 2016, Defendant Grice was unaware that Plaintiff was an FTB forfeited entity.  (Johnson Decl., ¶ 3.)

Although Plaintiff has been prosecuting this case and filing multiple successive complaints with the court, it is not permitted to do so because its corporate status was forfeited by the California Franchise Tax Board for its failure to comply with its tax obligations in this state.  In fact, Plaintiff Mark Tucker, Inc. has been an FTB-forfeited entity **since 2004**, throughout the entire time it has been prosecuting this case. (RJN, Ex. 1.)

Defendant's counsel brought the fact of Plaintiff's FTB-forfeited status to

1   Plaintiff's counsel's attention in a telephone conference on October 21, 2016.

2   (Johnson Decl., ¶ 4.)  Plaintiff's counsel responded that he was unaware of that fact.

3   (Id.)  Plaintiff's counsel agreed, however, to provide all defendants with a two-week

4   extension of time to respond to the 2AC.  (Id.)  Though Plaintiff's counsel has

5   represented that Plaintiff intends to revive itself by paying the taxes it owes to the

6   Franchise Tax Board, to date, that has not happened.  (Id., ¶ 5.)

7       As of November 4, 2016, the California Secretary of State's Business Entity

8   Detail for Plaintiff continues to reveal that Plaintiff is an "FTB FORFEITED" entity.

9   (RJN, Ex. 2; Johnson Decl., ¶7.)  Plaintiff has not been willing to grant defendants a

10  further extension of time to respond to the 2AC, thus necessitating this Motion.

11  (Johnson Decl., ¶ 6.)

12  ## III.   LEGAL STANDARD

13      "A claim made by or against a party that lacks the capacity to sue or be sued

14  should be dismissed under Rule 12(b)(6) for failure to state a claim 'upon which relief

15  can be granted.'"  Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St. LLC,

16  No. 15-CV-02286-JCS, 2015 WL 4932640, at *5 (N.D. Cal. Aug. 18, 2015) (citing,

17  inter alia, Fed. R. Civ. P. 12(b)(6); Banks.com, Inc. v. Keery, No. C09–06039 WHA,

18  2010 WL 727973, at *2, *7 (N.D. Cal. Mar. 1, 2010) (dismissing the plaintiff's claims

19  against a defendant under Rule 12(b)(6) for that defendant's lack of capacity to be

20  sued); Lindsey v. Starwood Hotels & Resorts Worldwide Inc., 409 Fed. Appx. 77, 78

21  (9th Cir.2010).  "[A]ny organization, regardless of its structure or citizenship, must be

22  current with respect to its California taxes" in order to prosecute an action in

23  California.  Farina Focaccia & Cucina Italiana, 2015 WL 4932640, at *6 (citing Grell

24  v. Laci Le Beau Corp., 73 Cal. App. 4th 1300, 1306 (1999)).

25      On June 1, 2004, the California Franchise Tax Board forfeited Plaintiff Mark

26  Tucker, Inc.'s powers, rights and privileges pursuant to the provisions of the

27  California Revenue and Taxation Code.  (RJN, Ex. 1.)  Plaintiff's powers, rights and

28  privileges continue to remain forfeited.  (Id., Exs. 1, 2.)  Plaintiff therefore cannot

1  prosecute this action in this court or in any other California court.

2  **IV.    PLAINTIFF LACKS THE CAPACITY TO SUE AND CANNOT**

3  **PURSUE THIS ACTION BECAUSE PLAINTIFF'S CORPORATE**

4  **STATUS WAS FORFEITED BY THE CALIFORNIA**

5  **FRANCHISE TAX BOARD AND HAS NOT BEEN REVIVED**

6         California Revenue & Taxation Code § 23301 "provides for the suspension or

7  forfeiture of 'the corporate powers, rights, and privileges' of a domestic or foreign

8  corporation that does not pay its taxes." May v. Semblant, Inc., No. 5:13-CV-01576-

9  EJD, 2013 WL 5423614, at *3 (N.D. Cal. Sept. 27, 2013).  Suspended or forfeited

10  corporations "may not prosecute or defend an action, appeal from an adverse

11  judgment, seek a writ of mandate, or renew a judgment obtained prior to

12  suspension."  See id. (citing Grell v. Laci Le Beau Corp., 73 Cal.App. 4th 1300, 1306

13  (1999)); Weinstock v. Sinatra, 379 F. Supp. 274, 275 (C.D. Cal. 1974) (stating that

14  forfeiture of a corporation for failure to meet the franchise tax obligations of the

15  California Revenue and Taxation Code "brings with it the inability to . . . sue . . .

16  within the State of California").  "The purpose of Revenue and Taxation Code

17  section 23301 is to prohibit the delinquent corporation from enjoying the ordinary

18  privileges of a going concern, and to pressure it to pay its taxes." Grell, 73 Cal. App.

19  4th at 1306 (citations omitted).  "Even a demurrer filed while a corporation is

20  suspended is 'an unauthorized act by a suspended corporation in violation of

21  Revenue and Taxation Code § 23301.'" May, 2013 WL 5423614, at *3.

22         On June 1, 2004, the California Franchise Tax Board forfeited Plaintiff Mark

23  Tucker, Inc.'s powers, rights, and privileges for its failure to comply with the state's

24  Revenue and Taxation Code.  (RJN, Ex. 1.)  Throughout the entire time Plaintiff has

25  been prosecuting this case and filing multiple successive complaints with the court, it

26  was not permitted to do so because its corporate status in California was forfeited.

27  (RJN, Exs. 1, 2.)  Each of Plaintiff's filings was therefore an unauthorized act in

28  violation of the Revenue and Taxation Code.  Plaintiff lacks the capacity to sue and

1  cannot prosecute this action.  This action therefore must be dismissed.

2  **V.     CONCLUSION**

3       For all the foregoing reasons, Grice respectfully requests that this action and

4  each and every claim therein be dismissed in their entirety.

5

6  Date:  November 4, 2016                    Respectfully Submitted,

7                                             JOHNSON & BERTRAM LLP

8

9                                             By   */s/ Beverly A. Johnson*
                                                   Beverly A. Johnson
10                                                 Christy L. Bertram
                                                   Attorneys for Defendant Cathy Grice

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>DECLARATION OF BEVERLY JOHNSON</u>

2

I, Beverly A. Johnson, declare as follows:

3

1.      I am a partner at Johnson & Bertram LLP, counsel of record for

4
Defendant Cathy Grice in this action.  I am licensed to practice law in the State of

5
California and before this Court.  I have personal knowledge of the matters stated

6
herein, and could and would competently testify thereto in a court of law if called

7
upon to do so.

8

2.      On the evening October 20, 2016, I searched the California Secretary of

9
State website for the current corporate status of Plaintiff Mark Tucker, Inc.  My

10
search revealed a California Secretary of State Business Entity Detail for Plaintiff,

11
showing that the California Franchise Tax Board had forfeited Plaintiff's powers,

12
rights, and privileges.  Attached hereto as **Exhibit 1** is the California Secretary of

13
State Business Entity Detail for Plaintiff, which I located, saved, and printed on

14
October 20, 2016.

15

3.      Prior to October 20, 2016, I was not aware that Plaintiff was an FTB

16
forfeited entity in California.

17

4.      I called Plaintiff's counsel, Andrew Jablon, on October 21, 2016, and

18
also emailed him, to bring the fact of Plaintiff's FTB forfeited status to his attention.

19
When we spoke by phone that day, I asked Mr. Jablon if he knew that Mark Tucker,

20
Inc. was in FTB-forfeited status, as reported by the California Secretary of State

21
website.  Mr. Jablon responded that he was unaware of that fact.  I informed Mr.

22
Jablon that Defendant Grice would be moving to dismiss the Second Amended

23
Complaint because Plaintiff did not have the capacity to sue in California due to its

24
FTB forfeited status, and could not continue prosecuting this action.  Mr. Jablon did

25
not agree, but rather asked me for any legal authority supporting my position.  I sent

26
Mr. Jablon an email that afternoon, setting forth two case opinions I had located

27
during my initial research that morning on the issues.  Mr. Jablon did agree,

28

DEFENDANT GRICE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

however, to provide all defendants with a two-week extension of time to respond to Plaintiff's Second Amended Complaint.  I prepared the Stipulation and proposed Order to that effect, and after Mr. Jablon's revisions thereto, and after receiving all authorizations from all counsel of record, I filed the Stipulation and proposed Order with the Court that day; it is Document Number 41 in this case.

5.     Though Mr. Jablon has acknowledged that Plaintiff's corporate status has been forfeited by the California FTB, and has stated that Plaintiff intends to revive itself by paying the taxes it owes to the Franchise Tax Board, to date, the California Secretary of State's website reveals that Plaintiff has not been revived.

6.     On November 1, 2016, I emailed Mr. Jablon to request that he provide defendants with an additional two-week extension of time to respond to the Second Amended Complaint in light of the fact that Plaintiff's status remained FTB-forfeited.  Mr. Jablon responded on November 2 acknowledging that Plaintiff was still in forfeited status.  He did not, however, agree to any further extension of time.

7.     On the afternoon of November 4, 2016, I searched the California Secretary of State website for the current corporate status of Plaintiff Mark Tucker, Inc.  As of November 4, 2016, the California Secretary of State's Business Entity Detail for Plaintiff continues to reveal that Plaintiff is an "FTB FORFEITED" entity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 4th day of November, 2016.

_/s/Beverly A. Johnson_____

# California Secretary of State Alex Padilla

common good   privacy   All people   Liberty   Speak   without discrimination
Conscience

| Secretary of State Main Website | Business Programs | Notary & Authentications | Elections | Campaign & Lobbying |

**Business Entities (BE)**

Online Services
- E-File Statements of
  Information for
  Corporations
- Business Search
- Processing Times
- Disclosure Search

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information**
(annual/biennial reports)

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- Business Resources
- Tax Information
- Starting A Business

Customer Alerts
- Business Identity Theft
- Misleading Business
  Solicitations

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, October 18, 2016. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | MARK TUCKER, INC. |
| Entity Number: | C2336070 |
| Date Filed: | 03/05/2001 |
| Status: | FTB FORFEITED |
| Jurisdiction: | NEW YORK |
| Entity Address: | 1370 AVE OF THE AMERICAS |
| Entity City, State, Zip: | NEW YORK NY 10019 |
| Agent for Service of Process: | DARREN TUCKER |
| Agent Address: | 2653 1/2 4TH ST |
| Agent City, State, Zip: | SANTA MONICA CA 90405 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Modify Search   New Search   Printer Friendly   Back to Search Results

Privacy Statement | Free Document Readers
Copyright © 2016   California Secretary of State